**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HASAN MALIK DAVIS, | Case No. 3:22-CV-00357-ART-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, *et. al.*, | |
| Defendants. | |

Before the Court is Plaintiff Hasan Malik Davis's ("Davis"), application to proceed *in forma pauperis* (ECF No. 1), complaint (ECF No. 1-1), and motion to amend complaint, (ECF No. 4). Davis has also filed a motion for copies, (ECF No. 7), and a motion for ADR process, (ECF No. 8). For the reasons stated below, the Court recommends that Davis's *in forma pauperis* application, (ECF No. 1), be granted, his complaint (ECF No. 1-1), be dismissed, with prejudice, his motion to amend, (ECF No. 4), be denied, and his miscellaneous motions, (ECF Nos. 7, 8) be denied as moot.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

///

---

[1]    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case

2  may apply to the court for authority to proceed [IFP]. The application must be made on

3  the form provided by the court and must include a financial affidavit disclosing the

4  applicant's income, assets, expenses, and liabilities."

5    "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

6  some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th

7  Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely

8  destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

9  335 U.S. 331, 339 (1948).

10    A review of the application to proceed IFP reveals Davis cannot pay the filing fee.

11  (*See* ECF No. 1.) Therefore, the Court recommends that the application, (ECF No. 1), be

12  granted and Davis be granted permission to proceed IFP.

13  **II.    SCREENING STANDARD**

14    Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A

15  provides, in relevant part, that "the court shall dismiss the case at any time if the court

16  determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

17  claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

18  who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when

19  "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

20  (1989). This includes claims based on legal conclusions that are untenable (e.g., claims

21  against defendants who are immune from suit or claims of infringement of a legal interest

22  which clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

23  delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th

24  Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same

25  standard applied in the context of a motion to dismiss under Federal Rule of Civil

26  Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which

27  requires dismissal where the complaint fails to "state a claim for relief that is plausible on

28  its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1    The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom*

2  *Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

3  accept as true all well-pled factual allegations, set aside legal conclusions, and verify

4  that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.

5  662, 679 (2009). The complaint need not contain detailed factual allegations, but must

6  offer more than "a formulaic recitation of the elements of a cause of action" and "raise a

7  right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is

8  taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies

9  to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

10  Still, a liberal construction may not be used to supply an essential element of the claim

11  not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is

12  appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice

13  of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v.*

14  *United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

15  **III.    SCREENING OF COMPLAINT**

16    Even construing the allegations of Davis's complaint liberally, the Court cannot

17  conceive or construe any specific set of circumstances under which these conclusory

18  statements would give rise to any federal constitutional or statutory right. The complaint

19  is vague, rambling, nonsensical, and filled with incomplete sentences. Dismissal on those

20  grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a

21  complaint contain "a short and plain statement of the claim showing that the pleader is

22  entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the

23  grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted).

24  It must also include "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3).

25    Here, Davis's largely incomprehensible narrative makes it nearly impossible for the

26  Court to identify the factual or legal basis for his claims or the nature of his requested

27  relief. Thus, Davis states no claim upon which relief may be granted, therefore this action

28  should be dismissed with prejudice. Leave to amend is not appropriate because the

3

deficiencies in Davis's complaint cannot be cured by amendment, making amendment futile. *See Cato*, 70 F.3d at 1106.

Davis also filed a motion to amend his complaint, (ECF No. 4). However, this proposed amended complaint still does not, and cannot, cure the deficiencies of his original complaint. Accordingly, the Court recommends the motion to amend, (ECF No. 4), be denied, and all other motions, (ECF Nos. 7, 8) be denied as moot.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Davis's application to proceed *in forma pauperis*, (ECF No. 1), be granted, his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile, his motion to amend, (ECF No. 4), be denied, and his miscellaneous motions, (ECF Nos. 7, 8), be denied as moot.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Davis's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Davis's complaint, (ECF No. 1-1), be **DISMISSED, WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that the motion to amend, (ECF No. 4) be **DENIED**, and the miscellaneous motions, (ECF Nos. 7, 8), be **DENIED AS MOOT**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED**, and judgment be entered accordingly.

**DATED**: August 24, 2022          .

**UNITED STATES MAGISTRATE JUDGE**