UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HASAN MALIK DAVIS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:22-CV-00357-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 9) |

**I.　SUMMARY**

*Pro se* Plaintiff Hasan Malik Davis ("Davis"), who is an inmate in the custody of the Washoe County Detention Center ("WCDC"), brings this action under 42 U.S.C. § 1983 against Defendants Department of Homeland Security ("DHS"), Clayton County Detention Center, the Henderson Police Department, and the Clark County Detention Center. (ECF No. 1-1). Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 9), recommending the Court grant Davis's Application to proceed *in forma pauperis*, (ECF No. 1), dismiss Davis's Complaint (ECF No. 1-1) with prejudice, and deny Davis's Motion to Amend (ECF No. 4), Motion for Copies of Complaint (ECF No. 7) and Motion for ADR Settlement Conference (ECF No. 8).

Because the Court agrees with Judge Baldwin's the Court will adopt the R&R in full and additionally denies as moot subsequent motions filed by Davis (ECF Nos. 13, 14).

**II.　BACKGROUND**

Davis claims that the DHS secretly runs the Clayton County Detention

Center in Jonesboro, Georgia, and that he was implanted with a radio-based tracker by DHS in 2002. (ECF No. 1-1 at 3). Davis further claims that the "Henderson Police Department Detention Center" violated his rights when it arrested him for squatting in a house in which Davis "paid all utility bills." (*Id.* at 4). Davis further argues that DHS also secretly runs the Clark County Detention Center, the Henderson Police Department, and alleges police brutality on the part of various officers affiliated with these institutions. (*Id.* at 5-6). Davis requests "100 millions [sic] in U.S. Silver Dollars" as well as all assets and land owned by DHS as relief for these alleged violations of his civil rights.

In his objection, Davis argues that his treatment by DHS violates Article 5 of the United Nations' Declaration of Human Rights. (ECF No. 10 at 1). Specifically, Davis claims that "Officer E. Wright" struck Davis in the head with his flashlight, causing a severe head injury. (*Id.* at 2). Davis again argues that Clayton County Detention Center is a DHS facility. (*Id.*).

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection styled as a "Notice of Motion to Appeal". (ECF No. 10).

### IV.   DISCUSSION

Magistrate Judge Baldwin concluded that Davis stated no claim upon which relief can be granted and that amendment would be futile because, among other reasons, "Davis's largely incomprehensible narrative makes it nearly impossible for the Court to identify the factual or legal basis for his claims or the nature of his requested relief." (ECF No. 9 at 3). Magistrate Judge Baldwin further

concluded that leave to amend would be futile. (ECF No. 9 at 4). The Complaint not only does not contain detailed factual allegations, but does not even offer "a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All or part of a complaint filed by an incarcerated person may be dismissed if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Here, Davis alleges that DHS secretly runs several county detention centers around the country and that he was implanted with a "radio frequency . . . device." (ECF No. 1-1 at 3). These are plainly fanciful factual allegations. Therefore, this Court agrees with Judge Baldwin and adopts her Report and Recommendation (ECF No. 9) in full.

V.  **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Davis's objection (ECF No. 10) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Report and Recommendation (ECF No. 9) is therefore adopted.

It is further ordered that Davis's Complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered that Davis's Motion to Amend, (ECF No. 4), Motion for Copies of Complaint, (ECF No. 7), Motion for ADR Settlement Conference, (ECF

No. 8), Motion for Appointment of Counsel, (ECF No. 13), and Motion for ADR Settlement, (ECF No. 14), are denied as moot.

The Clerk of Court is kindly directed to close this case.

DATED THIS 3rd day of January 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE